[No. 3169.]

## W. T. STALLWORTH *v.* THE STATE.

1. "LOCAL OPTION" LAW—INDICTMENT.—The Legislature had no constitutional authority to prohibit the gift of intoxicating liquors, nor to empower localities to do so by means of the local option law; wherefore an indictment charging a mere gift of liquor is insufficient to charge any offense.
2. SAME.—Even when a sham gift but a real sale of the intoxicating liquor is charged as the gravamen of the offense, to be sufficient, the indictment must charge that the gift was made "with the purpose of evading the law."
3. SAME—EVIDENCE.—Upon questions arising upon the admission of evidence, see *Boone's case*, 10 Texas Court of Appeals, 418; *Prather's case*, 12 Id., 401; *Akin's case*, 14 Id., 143.

APPEAL from the County Court of Falls. Tried below before the Hon. E. C. Stuart, County Judge.

The indictment in this case was transferred from the district to the county court. It charged the appellant with giving away intoxicating liquors in precinct number seven, of Falls county. A verdict of guilty was returned against the appellant, assessing his punishment at a fine of twenty-five dollars.

The questions involved in the rulings of this court were presented below in the motion for new trial.

*Goodrich & Clarkson*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. This prosecution and conviction were for " giving away one drink of intoxicating liquor in a precinct where 'local option' had been adopted." Under the decision of this court in *Holley* v. *The State*, 14 Texas Court of Appeals, 505, the indictment states no offense, the Legislature having no authority under the Constitution to prohibit the gift of intoxicating liquor; and even where a sham gift (a sale in fact) is charged as the *gravamen* of the offense, it is essential that the indictment should charge that the gift was made " *with the purpose of evading the law* " (local option law). (See Judge Willson's dissenting opinion in Holley's case.)

The other questions submitted upon the rulings of the court in admitting the evidence objected to have heretofore been passed upon and decided adversely to the rulings, and the court was in error. (*Boone* v. *The State*, 10 Texas Ct. App., 418; *Prather* v. *The State*, 12 Texas Ct. App., 401; *Akin* v. *The State*, 14 Texas Ct. App., 143.)

Because the indictment charges no offense against the laws of the State, the judgment is reversed and the prosecution is dismissed.

Opinion delivered May 28, 1884.